KATHERINE BARR, ADMINISTRATRIX AD PROS. PLAINTIFF, v. PHILIP TULLY, DEFENDANT.

Submitted December 8, 1922—Decided February 28, 1923.

**Negligence—Injury Caused by Runaway—Evidence Showed Plaintiff's Act Responsible for Accident.**

On defendant's rule to show cause why a verdict in favor of the plaintiff should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Edwards & Smith* (*Edwin F. Smith* and *Raymond Dawson* on the brief).

*Contra, Levitan & Levitan* (*Abraham Levitan* on the brief).

PER CURIAM.

This is defendant's rule to show cause why a verdict in favor of the plaintiff should not be set aside, a verdict of $6,250 having been rendered for the plaintiff.

The defendant conducted a produce and trucking business. Sometimes he rented out wagons to peddlers who purchased vegetables from him. Barr, the decedent, was a peddler and frequently rented wagons of the defendant.

On the day of the accident, Barr called at Tully's place to get a wagon and some vegetables. Tully was not there. According to the plaintiff's case the decedent took a wagon which had been under repairs and to which the shafts had not yet been attached, and himself attached the shafts, and had it loaded with vegetables, when the defendant came in and counted the vegetables, and without more the decedent drove off.

The testimony was to the effect that the decedent selected the wagon himself out of the blacksmith shop and affixed the shafts himself, screwing up the bolts, and that it was not the wagon he generally used, although that wagon was there.

It appeared that decedent proceeded with his horse and wagon down the street. The shafts came out, fell down on the horse's heels, the horse ran away and the decedent was injured so that he died the next morning.

The trial judge in his charge seems to have made the recovery of the plaintiff dependent upon whether the defendant or one of his employes put the shafts on the wagon. He charged (and we incline to think properly) as follows: "The defendant says that what happened was that Barr went to Tully's yard and actually went into the blacksmith shop, causing the wagon which he wished to use to be taken out of the blacksmith shop and himself put those shafts in the wagon. If he did, and took the wagon out after he had done that thing, Tully is not liable for it, because under the law, Barr would assume the risk of an injury from what he had done himself. * * * Just ask yourselves, who put those shafts on? Was it done by Tully or some of his men, or was it done by Barr? If it was done by Barr, that ends the case, and Barr's widow can have no verdict at all. If the shafts were put on by Mr. Tully or his representative, then you ask yourselves the further question, was there negligence

either in putting on those shafts or in the inspection of those shafts."

The defendant contends that the great weight of the evidence is that Barr put on the shafts. We are clearly of the opinion that that is so. Indeed the evidence seems to be conclusive to that effect.

It follows, therefore, that the verdict cannot be sustained. The rule will be made absolute.